IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03384-TPO

SAMER DABSHEH,

     Petitioner,

v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,

TODD BLANCHE,
U.S. Attorney General,

TODD M. LYONS, Acting Director,
U.S. Immigration and Customs Enforcement,

GEORGE VALDEZ, Denver Field Office Director,
U.S. Immigration and Customs Enforcement, and

JUAN BALTAZAR, Warden
Aurora ICE Processing Center,

     Respondents.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

     This matter comes before this Court upon the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF 1. Petitioner is "in custody" for § 2241 purposes because he is detained at the Immigration and Customs Enforcement (ICE) Processing Center in Aurora, Colorado. ECF 1 at 3. The Clerk of Court directly assigned this case pursuant to D.C.COLO.LCivR 40.1. ECF 3.

     Petitioner is a citizen of Jordan. ECF 1 at 2. Petitioner became a lawful permanent

resident in 1996. *Id*. He was incarcerated in Florida on a criminal charge. *Id*. He entered immigration custody on December 20, 2025, and he has remained in immigration custody since then. *Id*. A final order of removal was entered on January 21, 2026. *Id*. at 3.

Petitioner received a "Notice to Alien of file custody review" on March 12, 2026 which informed him of a custody status review to take place on April 20, 2026. *Id*. at 2-3. Petitioner does not know the reason for why his detention was continued. *Id*. at 3. Petitioner received another "Notice to Alien of file custody review" on June 16, 2026 that informed him of a custody status review to take place on June 30, 2026. *Id*. Petitioner does not know the reason why his detention was continued. *Id*.

Petitioner was informed on May 11, 2026 that the government of Jordan had declined to issue travel documents for his return. ECF 1 at 3, 5. Petitioner does not want to go to a country other than Jordan. *Id*. at 3. For example, Petitioner does not want removal to Mexico. *Id*.

Petitioner asserts 8 U.S.C. § 1231 as the basis for his current detention. ECF 1 at 5. Petitioner challenges the lawfulness of his detention on several grounds. For example, he argues that the length of his ongoing detention exceeds what *Zadvydas v. Davis*, 533 U.S. 678 (2001) says is reasonable for due process purposes. Petitioner asserts that "it is structurally impossible" for him to be removed "in the reasonably foreseeable future." ECF 1 at 6. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.

After preliminary consideration of the Petition, this Court ORDERS as follows:

On or before **August 21, 2026**, the Respondents shall show cause why the Petition should not be granted.

By the same deadline of **August 21, 2026**, Respondents shall complete and file the Magistrate Judge Consent Form [ECF 4]. (This Court notes that Petitioner already submitted the form at ECF 5).

On or before **September 14, 2026**, Petitioner may file a Reply in support of the Petition.

SO ORDERED.

DATED at Denver, Colorado, this 12th day of August, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge