IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03384-TPO

SAMER DABSHEH,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,

TODD BLANCHE,
U.S. Attorney General,

TODD M. LYONS, Acting Director,
U.S. Immigration and Customs Enforcement,

GEORGE VALDEZ, Denver Field Office Director,
U.S. Immigration and Customs Enforcement, and

JUAN BALTAZAR, Warden
Aurora ICE Processing Center,

Respondents.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter is before this Court for consideration of Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF 1. Pursuant to 28 U.S.C. § 636(c), the Parties have consented to this Court's jurisdiction for all purposes. ECFs 5, 10, 14. Having reviewed the Application [ECF 1], Respondents' Response [ECF 17], and Petitioner's Reply [ECF 21], and

having reviewed the governing case law, the Court **grants** the Application and orders Petitioner's immediate release from immigration custody.

**BACKGROUND**

Petitioner is a citizen of Jordan, who became a lawful permanent resident in 1996. ECF 1 at 2. He has resided in the United States since 1996. *Id*. On December 20, 2025, following his conviction and incarceration for committing a criminal offense, he entered immigration custody. *Id*. He has remained in immigration custody since then. *Id.* A final order of removal was entered on January 21, 2026. *Id.* at 3, 5.

Petitioner, in custody at the Aurora Processing Center in Aurora, Colorado, has received little information to support his ongoing detention. On March 12, 2026, he received a "Notice to Alien of file custody review" which informed him that a custody status would take place on April 20, 2026, however, he is unaware of whether such a review actually occurred. *Id.* at 2-3. Petitioner received another "Notice to Alien of file custody review" on June 16, 2026, that informed him of a custody status review to take place on June 30, 2026. *Id.* Although Petitioner believes the review occurred, he was not provided any reason for his continued detention. *Id.*

On May 11, 2026, Petitioner was informed that the government of Jordan had declined to issue travel documents for his return. *Id.* at 3, 5. An ICE officer asked Petitioner about "going to Mexico," but Petitioner refused. Id. at 3.

Petitioner asserts 8 U.S.C. § 1231 as the basis for his current detention because he is subject to a final order of removal. ECF 1 at 5. He brings four claims: 1) arbitrary and capricious action under the Administrative Procedure Act (APA), 2) violation of the *Accardi* Doctrine, 3)

violation of Procedural Due Process under the Fifth Amendment, and 4) violation of Substantive Due Process under the Fifth Amendment. *Id.* at 6-8. As to his final claim, he argues that the length of his ongoing detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner asserts that due to Jordan's refusal to allow his return, it is "structurally impossible" for him to be removed from the United States "in the reasonably foreseeable future" thus rendering his confinement "merely punitive in nature." ECF 1 at 6. Petitioner seeks immediate release from custody. *Id.* at 10.

**PARTIES' BRIEFING**

On July 27, 2026, Petitioner filed his Petition. ECF 1. On August 12, 2026, the Court ordered Respondents to show cause why the Application should not be granted. ECF 6. After being granted an extension of time, Respondents elected not to submit a brief in opposition to the Petition. ECF 17 at 1. Respondents "recognize that the Court may then decide to grant the Petition and award appropriate relief" and concede that "appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security." *Id.* at 2.

**JURISDICTION AND LEGAL STANDARD**

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241(c)(3). "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

It is undisputed that Petitioner is in immigration custody. This Court therefore has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear his challenge to it. *Zadvydas*, 533 U.S. at 687-88; *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026).

## ANALYSIS

### I. Legal Framework for Detention

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2).

After the 90-day removal period, ICE has discretion to continue detaining noncitizens who are subject to a final order of removal. 8 U.S.C. § 1231(a)(6). That detention may not be

indefinite, however. Such detention is presumptively reasonable for only six months. *Zadvydas*, 533 U.S. at 701. After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* As the length of confinement grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

## II. Merits of Petitioner's Claim

It is undisputed that Petitioner is being detained pursuant to a final order of removal under 8 U.S.C. § 1231(a)(6). ECF 1 at 5. It is also undisputed that his final order of removal was entered on January 21, 2026. *Id.* at 2-3. And it is undisputed that Petitioner has remained in custody continuously since then, which is now well past the presumptively reasonable six-month period described in *Zadvydas*, which ended on July 21, 2026.

As an initial matter, the Court finds that Petitioner has met his initial burden of showing a "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. In particular, Petitioner has alleged that he was informed that Jordan, his country of citizenship, declined to issue travel documents. ECF 1 at 3, 5. While Petitioner was asked about a third country for removal, nothing before the Court indicates that a third country has agreed to accept him. *Id.* at 3, 8.

The burden therefore shifts to Respondents to present sufficient evidence to rebut Petitioner's showing and to demonstrate that there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Vague or unsubstantiated assertions of removal are insufficient to meet this burden. *See e.g.*, *Tran v. Baltazar*, No. 1:26-cv-00940-

CNS, 2026 WL 764002, at *3 (D. Colo. Mar. 18, 2026) and *Yaya v. Baltazar*, No. 26-cv-00332-STV, 2026 WL 693128, at *4 (D. Colo. Mar. 12, 2026). Here, Respondents have not attempted to meet this burden at all. Instead, Respondents have elected not to submit a brief in opposition to the Petition. ECF 17 at 1. As a result, Respondents fail to demonstrate that there is a "significant likelihood of removal in the reasonably foreseeable future."

Accordingly, the Court finds that Petitioner's ongoing detention violates his Fifth Amendment right to due process and that he is entitled to habeas corpus relief under *Zadvydas*.[1]

## CONCLUSION

For the reasons stated herein, it is ORDERED that:

1) the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF 1] is **GRANTED**;

2) Petitioner shall be released from custody as soon as is immediately practical but no later than **48 HOURS** from the date and time of the docketing of this Order;

3) Should Respondents see the need to impose conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3), those conditions shall be reasonable and limited to what is necessary; and

4) Respondents shall file a Status Report by **October 26, 2026** to inform the Court of the status of Petitioner's release and whether any additional proceedings are necessary in this matter.

[1] This is one of four claims Petitioner asserts. *See* ECF 1 at 2-3, 6-8. Because the Court finds that Petitioner is entitled to habeas relief on Claim Four, it need not address his remaining claims. *See Sanchez v. Bondi*, No. 25-cv-02287-CNS, 2025 WL 3484756, at *1 (D. Colo. Dec. 4, 2025) (granting petitioner relief on one ground and not reaching the second ground).

DATED at Denver, Colorado, this 22nd day of October, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge